UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
    DEANNA LOUISE CASSANI         )     Case No. 08-13185-SSM
                                    )     Chapter 13
                 Debtor       )

**MEMORANDUM OPINION AND ORDER**

Before the court is the objection of Thomas P. Gorman, standing chapter 13 trustee to Claim No. 7 filed by Peggy J. Lomax, M.D., in the amount of $1,561.60.[1] A hearing was held on November 12, 2009, at which the creditor and the debtor were was present by counsel, and the trustee was present in person. The issue is whether a claim filed one day after the claims bar date must be disallowed when the creditor was not listed by the debtor and made a good-faith effort, after learning of the case, to file a timely proof of claim. For the reasons stated, the court determines that the objection must be sustained.

---

[1] Strictly speaking, the trustee did not file an objection to the claim. Rather, he simply mailed the creditor a notice—which was not filed with the court—that he did not intend to pay the claim because it was filed after the bar date. When the creditor objected, the trustee then filed the creditor's response and noticed the matter for a hearing. The court simply notes that the claims bar date is not self-executing, and that a claim filed after the bar date is not thereby deprived of its character as a claim but is simply subject to disallowance in the event a party objects. *In re Nwonwu*, 362 B.R. 705, 710 (Bankr. E.D. Va. 2007). Accordingly, to the extent the trustee proposes not to pay a late-filed claim, he should file a formal objection to the claim. In any event, notwithstanding the somewhat irregular procedure in this case, the court treats the trustee's notice of hearing as the functional equivalent of an objection to the creditor's claim.

Background

Deanna Louise Cassani, formerly known as Deanna Cassani Williams, filed a voluntary petition in this court on June 3, 2008, for relief under chapter 13 of the Bankruptcy Code. The meeting of creditors was scheduled for July 8, 2008, and the last day for non-governmental creditors to file proofs of claim was October 6, 2008. On her schedules, the debtor listed $11,950 in priority unsecured debt and $7,041 in general unsecured debt. For whatever reason, Peggy J. Lomax, M.D. was not listed as a creditor, even though her office had apparently been billing the debtor for medical treatment services for some time, and indeed, at some point—the record is unclear whether before or after the bankruptcy case was commenced—brought suit against the debtor in state court. The debtor's attorney—again, the record is silent as to when—filed a suggestion of bankruptcy in the state court action but did not amend the debtor's schedules to list the creditor. In any event, it appears undisputed that the suggestion of bankruptcy was the first notice the creditor had of the chapter 13 case. The creditor's attorney represents that she mailed a proof of claim to the court on or about September 8, 2008,[2] but did not learn until October 6, 2008, when checking the status of the case, that it had not been received. She then arranged the next day to file the proof of claim electronically through the court's Case Management/Electronic Case Files system.

The following day, October 8, 2008, the repayment plan filed by the debtor on September 3, 2008, was confirmed without objection. It requires the debtor to make monthly payments to the trustee totaling $50,150 over a 60-month period. From the funds received, the trustee would

---

[2] The year is shown as 2009 in the creditor's written response, but this is clearly a typographical error.

pay his own statutory commission of 10%, fees to debtor's counsel of $1,274, a priority tax claim of $4,647, and mortgage arrears of $24,012. The remaining funds would be paid *pro rata* to unsecured creditors, with the estimated dividend being 100 cents on the dollar. A total of five unsecured claims totaling $8,941 were filed prior to the claims bar date.

Discussion

Among the grounds for disallowance of a claim is that "proof of such claim is not timely filed, except to the extent tardily filed as permitted ... under the Federal Rules of Bankruptcy Procedure[.]" § 502(b)(9), Bankruptcy Code. There is no dispute in this case that Dr. Lomax's claim was filed after the claims bar date, and the only issue is whether the court has the power to excuse the late filing by a creditor who was not listed on the debtor's schedules.[3] The court has previously addressed this precise issue at some length in *In re Nwonwu*, 362 B.R. 705, 710 (Bankr. E.D. Va. 2007). To briefly summarize, a creditor desiring to receive distributions in a chapter 13 case must file a proof of claim not later than 90 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 3002(a), (c)(1). The court is empowered to extend the time for an infant or incompetent person, for the United States, a state, or a subdivision thereof, and for creditors whose claim arises from avoidance of a transfer or from rejection of a lease or executory contract. Fed. R. Bankr. P. 3002(c)(1)-(4). There is no provision, however, for extending the bar date simply because the creditor did not have notice of the case. The claims bar date, moreover, may not be extended under the court's general power to extend deadlines. Fed. R. Bankr. P. 9006(b)(3).

---

[3] The debtor, who supports the trustee's objection, also disputes the amount of the claim, which includes charges for missed appointments, interest, and attorneys fees.

Chapter 13 differs in this respect from chapter 7 and chapter 11, both of which make provision, albeit in different ways, for late-filed claims. In chapter 7, a priority claim is entitled to payment whether or not timely filed. § 726(a)(1), Bankruptcy Code; *Cooper v. IRS*, 167 F.3d 857 (4th Cir. 1999). Additionally, a late claim, whether or not entitled to priority, may be paid where the creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim and the claim is filed in time to permit such payment. § 726(a)(2)(c), Bankruptcy Code. Finally, even where the creditor had notice, a late-filed claim may be paid to the extent that funds remain after all timely-filed claims have been paid in full. § 726(a)(3), Bankruptcy Code. In chapter 11, a late-filed claim may be allowed where the delay was the result of excusable neglect. Fed. R. Bankr. P. 3003(c)(3) and 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). As explained in *Pioneer*, the determination of whether neglect is excusable is an equitable one, taking into account all relevant circumstances, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395, 113 S. Ct. at 1498.

The excusable neglect standard, however, does not apply in chapter 13 cases, and Rule 9006(b) is very clear that the bar date in a chapter 13 case cannot be extended after the fact even where the creditor is not at fault. As explained by a leading treatise:

> Courts have uniformly held that no extension of the time fixed by Rule 3002(c) may be granted after the time has passed. The court has no equitable power to extend the time fixed by Rule 3002(c).

9 Collier on Bankruptcy, ¶ 3002.03[1]; 15th ed. rev. 2006 (footnotes omitted). Thus, Rule 3002(c) is strictly construed as a statute of limitations since the purpose of a claims bar date is "to provide the debtor and its creditors with finality" and to "insure the swift distribution of the bankruptcy estate." *In re Johnson*, 84 B.R. 492, 494 (Bankr. N.D. Oh. 1988). Although some bankruptcy courts have applied various equitable theories to permit the late filing of claims in chapter 13 cases by creditors who did not receive proper notice, the weight of authority, particularly at the court of appeals level, is to the contrary. *Nwonwu*, 362 B.R. at 708. This court can only conclude, therefore, that in the absence of one of the specific exceptions in Rule 3002(c), there is simply no authority to allow a late-filed claim even if—as appears to be the case—the claim could be paid without reducing the dividend to unsecured creditors whose claims were filed prior to the bar date.[4]

As noted in *Nwonwu*, an unlisted creditor that did not receive notice of the commencement of a chapter 13 case in time to file a proof of claim by the bar date is not left without a remedy. *Id.* at 709-710. Many courts have held that the claim of such a creditor has not been "provided for" by the plan and is therefore excluded from discharge. § 1328(a)(1),

---

[4] Taking into account an administrative claim filed by the IRS for post-petition taxes, the surplus available to pay Dr. Lomax's claim would be in excess of $4,000:

| | | |
|---|---:|---:|
| Plan payments | | $50,150.00 |
| Trustee's commission | $5,015.00 | |
| Attorneys fees | $1,274.00 | |
| Priority taxes | $5,647.00 | |
| Post-petition tax claim | $575.00 | |
| Mortgage arrears | $24,012.00 | |
| Sub-total | | $36,523.00 |
| Available for unsecured | | $13,627.00 |
| Less timely unsecured claims | | $8,941.00 |
| Surplus | | $4,686.00 |

Bankruptcy Code; *In re Kristiniak*, 208 B.R. 132, 134 (Bankr. E.D. Pa. 1997) (collecting cases). Although the unlisted creditor would not be entitled to share in the distribution from the estate, it may enforce its claim after the conclusion of the case or, if it obtains relief from the automatic stay, even while the case is pending. *Id*. at 134-35. Whether the blanket exclusion of unlisted claims from discharge remains good law after enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA") is an open question. Prior to BAPCPA, unlisted claims were not expressly included among the debts excluded from the scope of a chapter 13 discharge. § 1328 (a)(1), Bankruptcy Code (2000). BAPCPA, however, amended § 1328 to expressly incorporate the exception for unlisted debts in § 523(a)(3), Bankruptcy Code.

That exception requires not only that the creditor not be listed or scheduled in time to file a timely proof of claim, but that the creditor not have "notice or actual knowledge of the case in time for such timely filing." §§ 523(a)(3)(A), 1328(a)(2), Bankruptcy Code. Although the record is not sufficiently developed for the court to make a formal ruling, it would appear that Dr. Lomax, by her own admission, had actual knowledge of the case in time to file a timely proof of claim, and in fact would have filed a timely proof of claim had the mails not miscarried. Thus, it seems likely that Dr. Lomax's claim falls outside § 523(a)(3)(A) and will be discharged upon completion of the plan. To the extent there is a dispute on that issue, however, either party may file an adversary proceeding to determine the dischargeability of the claim.

With respect to the immediate issue before the court, however, the rules and case law are clear that the court has no power to allow a late-filed claim in a chapter 13 case even when the

claim is only, as here, one day late and even when the late filing did not result from the creditor's negligence but from bad luck.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The objection to claim is sustained, and Claim No. 7 filed by Peggy J. Lomax, M.D. in the amount of $1,561.60 is disallowed under § 502(b)(9), Bankruptcy Code.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee

Cynthia Kaplan Revesman, Esquire
Cynthia Kaplan Revesman, P.L.C.
4020 University Drive, Suite 207
Fairfax, VA  22030
Counsel for Peggy J. Lomax, M.D.

John W. Bevis, Esquire
John W. Bevis, P.C.
10521 Judicial Drive, #204
Fairfax, Virginia 22030
Counsel for the debtor

Deanna Louise Cassani
9124 O'Shad Lane
Springfield, VA 22152
Debtor